IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH WAYNE CHANCE,

    Petitioner,                      No. 2: 11-cv-0562 GEB KJN P

    vs.

M. MARTELL,                           FINDINGS AND RECOMMENDATIONS

    Respondent.
                                  /

I. Introduction

        Petitioner is a state prisoner, proceeding without counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This action is proceeding on the original petition file stamped February 2, 2011.[1]  Petitioner challenges his 2004 conviction for attempted murder, assault with a firearm upon a police officer, possession of a firearm by a felon, and possession of ammunition by a person prohibited from possessing a firearm.  Petitioner raises the following claims: 1) jury misconduct; 2) insufficient evidence; 3) ineffective assistance of counsel; 4) ineffective assistance of appellate counsel.

////

---

[1] The petition contains no proof of service indicating when it was mailed to the court.

1       Pending before the court is respondent's motion to dismiss on grounds that this
2 action is barred by the statute of limitations. After carefully reviewing the record, the
3 undersigned recommends that respondent's motion be granted.
4 II. <u>Discussion</u>
5       A. <u>When Petitioner's Conviction Became Final</u>
6       The statute of limitations for federal habeas corpus petitions is set forth in 28
7 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

19       On July 20, 2006, the California Court of Appeal reversed petitioner's conviction
20 for assault on a peace officer and remanded the case for resentencing. (Respondent's Lodged
21 Document 2.) On August 18, 2008, the California Supreme Court reversed the state appellate
22 court's judgment reversing petitioner's conviction for assault on a peace officer. (Respondent's
23 Lodged Document 7.)
24       On March 20, 2009, the Superior Court amended its abstract of judgment in
25 accordance with the opinions of the California Court of Appeal and California Supreme Court.
26 (Respondent's Lodged Document 8.) Petitioner did not appeal the amended judgment.

1         Petitioner's conviction became final sixty days after the March 20, 2009 entry of
2 amended judgment by the trial court, i.e. on May 19, 2009.  See Cal. Rule of Court 8.308(a)
3 (former Rule 30.1).  The statue of limitations began running the following day, i.e. on May 20,
4 2009.  Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).  Petitioner had one year from
5 that date to file a timely federal habeas corpus petition, i.e. until May 19, 2010.  The instant
6 action is not timely unless petitioner is entitled to statutory or equitable tolling.

7         B.  Statutory Tolling

8         The period of limitation is tolled while a "properly filed" application for state
9 post-conviction or other collateral review is pending.  28 U.S.C. § 2244(d)(2).  Once a petitioner
10 begins state collateral proceedings, a state habeas petition is "pending" during a full round of
11 review in the state courts, including the time between a lower court decision and the filing of a
12 new petition in a higher court, as long as the intervals between the filing of those petitions are
13 "reasonable."  Carey v. Saffold, 536 U.S. 214, 222-24 (2002).

14         Pursuant to the mailbox rule, petitioner filed his first state habeas corpus petition
15 in the El Dorado County Superior Court on December 9, 2008.  (Respondent's Lodged
16 Document 9.)   On January 13, 2009, the Superior Court denied this petition by order addressing
17 the merits of petitioner's claims.  (Respondent's Lodged Document 10.)

18         On June 26, 2009, petitioner filed a second habeas corpus petition in the El
19 Dorado County Superior Court.  (Respondent's Lodged Document 11.)  This petition contains no
20 proof of service and was signed by petitioner on December 9, 2008, i.e. the same date as the first
21 petition.  (Id.)  For these reasons, the undersigned finds that this petition was filed on the date it
22 was file stamped by the El Dorado County Superior Court, i.e. on June 26, 2009.  On July 22,
23 2009, the Superior Court denied this petition on grounds that it was identical to the petition
24 previously filed.  (Respondent's Lodged Document 12.)

25         Pursuant to the mailbox rule, on March 20, 2010, petitioner filed a habeas corpus
26 petition in the California Court of Appeal.  (Respondent's Lodged Document 13.)  On March 25,

1 2010, the California Court of Appeal denied this petition without comment or citation.
2 (Respondent's Lodged Document 14.)
3      On April 22, 2010, petitioner filed a habeas corpus petition in the California
4 Supreme Court. (Respondent's Lodged Document No. 15.) This petition contains no proof of
5 service nor signature date. (Id.) For these reasons, the undersigned finds that this petition was
6 filed on the date it was file stamped by the California Supreme Court, i.e. on April 22, 2010. On
7 November 10, 2010, the California Supreme Court denied this petition by order citing In re
8 Robbins, 18 Cal.4th 770, 780 (1998). (Respondent's Lodged Document No. 16.)
9      Respondent argues that petitioner is not entitled to interval tolling from the date
10 when his conviction became final and when he filed any state habeas petition. The undersigned
11 agrees. See Raspberry v. Garcia, 448 F.3d 1150, 1153 n. 1 (9th Cir. 2006) (the statute of
12 limitations is not tolled from the time a final decision is issued on direct appeal and the time the
13 first collateral challenge is filed).
14      Respondent argues that petitioner is not entitled to tolling for the time his first
15 state habeas corpus petition was pending in the El Dorado County Superior Court because it was
16 filed and concluded prior to the commencement of the statute of limitations. A collateral action
17 filed prior to the effective date of the statute of limitations has no tolling consequence. Waldrip
18 v. Hall, 548 F.3d 729, 735 (9th Cir. 2008) (noting that although the filing of a state habeas
19 petition "would otherwise have tolled the running of the federal limitations period, since it was
20 denied before that period had started to run, it had no effect on the timeliness of the ultimate
21 federal filing."). Accordingly, petitioner is not entitled to statutory tolling for the time his first
22 state habeas corpus petition was pending.
23      For three different reasons, respondent next argues that petitioner is not entitled to
24 interval tolling for the time between when the El Dorado County Superior Court denied his first
25 petition and when he filed his second petition in that court. However, because the first state
26 habeas petition "had no ultimate affect on the timeliness of the ultimate federal filing," Waldrip,

4

548 F.3d at 735, it seems that this petition does not "qualify" for interval tolling at all. Nevertheless, even if this petition were entitled to consideration for interval tolling, for the following reasons, the undersigned would find interval tolling not appropriate.

Respondent first argues that interval tolling is not appropriate for the time between when the El Dorado County Superior Court denied the first state habeas petition and when petitioner filed his second petition in that court because the second petition was not an attempt to cure defects in the first petition.

The Ninth Circuit Court of Appeals has stated that, "only the time period during which a round of habeas review is pending tolls the statute of limitation; periods between different rounds of collateral attack are not tolled." See Banjo v. Ayers, 614 F.3d 964 (9th Cir. 2010). In Banjo, the Ninth Circuit examined the process of determining whether tolling is appropriate when a prisoner files successive petitions rather than seeking habeas relief through ascending order of each level of the state courts. The Ninth Circuit explained:

> We employ a two-part test to determine whether the period between the denial of one petition and the filing of a second [successive] petition should be tolled. First, we ask whether petitioner's subsequent petitions are limited to an elaboration of the facts relating to the claims in the first petition. If the petitions are not related, then the subsequent petition constitutes a new round of collateral attack, and the time between them is not tolled. If the successive petition was attempting to correct deficiencies of a prior petition, however, the prisoner is still making proper use of state court procedures and habeas review is still pending. Second, if the successive petition was not timely filed, the period between the petitions is not tolled.

Id. at 968-69 (internal citations and quotations omitted). See also Hemmerle v. Schriro, 495 F.3d 1069, 1076 (9th Cir. 2007) (petitioner was not entitled to interval tolling between post-conviction petitions in superior court because second petition did not "correct" or "remediate deficiencies" in first petition); King v. Roe, 340 F.3d 821, 823 (9th Cir. 2003) (petitioner was not entitled to interval tolling between habeas corpus petitions because his later-filed series of petitions "made no attempt to correct his prior petition, and therefore were not offered simply to remediate

1  deficiencies"), abrogated on other grounds by Evans v. Chavis, 546 U.S. 189 (2006).

2          As discussed above, the El Dorado County Superior Court denied petitioner's second state habeas petition because it was duplicative of his first petition. Petitioner made no argument in his second petition regarding why the Superior Court should reconsider his claims. Under these circumstances, the second state habeas petition cannot be considered to be an attempt to correct deficiencies of the first petition. For these reasons, petitioner is not entitled to interval tolling for the petitions filed in the El Dorado County Superior Court.

        Respondent next argues that petitioner is not entitled to interval tolling because the second petition filed in the El Dorado County Superior Court was not timely filed. Interval tolling only applies to petitions that are "properly" filed in state court. 28 U.S.C. § 2244(d)(2); Nino v. Galaza, 183 F.3d 1993, 1006 (9th Cir. 1999). Petitions that are untimely are not "properly" filed. Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005).

        Where there is no clear indication from the state court as to whether the petition was timely under California law, however, the federal court must itself examine the delay and determine whether the petition was filed within what California would consider a reasonable period of time. Evans v. Chavis, 546 U.S. 189, 197-98 (2006). Even when a California state habeas petition is denied on the merits, the federal court must determine whether the petition was timely, if the issue of timeliness was not expressly addressed by the state court. Id.

        In the instant case, petitioner waited a little over five months to file his second petition in the El Dorado County Superior Court, making this petition presumptively untimely. See Evans v. Chavis, 546 U.S. 189, 201, (2006) (holding that delay of six months was unreasonable under California law); Chaffer v. Prosper, 592 F.3d 1046, 1047-48 (9th Cir. 2010) (per curiam) (holding that gaps of 115 days and 100 days rendered California state habeas petitions untimely). Accordingly, petitioner is not entitled to interval tolling for his petitions filed in the El Dorado County Superior Court because the second petition was not timely.

        Finally, respondent argues that petitioner is not entitled to interval tolling because

his second petition filed in the El Dorado County Superior Court was a successive petition and, thus, not properly filed.

"[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Artuz v. Bennett, 531 U.S. 4, 8 (2000) (explaining that typical filing requirements include all relevant time limits). In Artuz v. Bennett, the Supreme Court construed the meaning of "properly filed" as follows:

> [A]n application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee ... But in common usage, the question whether an application has been "properly filed" is quite separate from the question whether the claims contained in the application are meritorious and free of procedural bar.

531 U.S. 4, 8-9 (2000) (emphasis omitted).

Under California law, "[i]t has long been the rule that absent a change in the applicable law or the facts, the [state] court[s] will not consider repeated applications for habeas corpus presenting claims previously rejected." In re Clark, 5 Cal.4th 750, 767 (1993). "The court has also refused to consider newly presented grounds for relief which were known to the petitioner at the time of a prior collateral attack on the judgment." Id. at 767-68. In Clark, the California Supreme Court went on to state, "[a] successive petition presenting additional claims that could have been presented in an earlier attack on the judgment is, of necessity, a delayed petition." Id. at 770.

Several courts, including the undersigned, have found that a citation to Clark, supra, by a California court generally indicates that the petition was not timely, but it may also have been meant to indicate that the petition was successive; however, this does not change the determination that petition was not properly filed for statutory tolling purposes. See Goodridge v. Subias, 2010 WL 1286870 at * 4 (E.D. Cal. March 29, 2010); Gonzalez v. Runnels, 2008 WL 80744 at * 4 (E.D.Cal. Jan. 7, 2008) ("[U]nder Pace, whether the state supreme court meant to

indicate that the petition was untimely or successive would essentially be a distinction without a difference in the context of statutory untimeliness under AEDPA"); Delander v. Hubbard, 2008 WL 2622856 at * 6 (S.D. Cal. July 1, 2008) ("This citation [to Clark] demonstrates that the court is denying the petition because it is either successive or untimely ... California rules provide that a successive petition is by necessity a delayed petition.")

        In the instant case, the second petition filed by petitioner in the El Dorado County Superior Court was a successive petition because it was identical to the first petition, raising no new claims. In its order, the El Dorado County Superior Court stated, "As this court has previously addressed an identical petition for a writ of habeas corpus, the Court will not address the current one. As such, the petition for writ of habeas corpus is denied." (Respondent's Lodged Document 12.)

        The California Supreme Court's reasons for finding a successive petition raising new claims to be untimely is equally applicable to a successive petition raising identical claims. There is no indication in Clark that the California Supreme Court meant to find that a successive duplicative petition was timely, whereas a successive petition raising new claims was not. Accordingly, the undersigned finds that petitioner's second state habeas petition was not properly filed because it was successive to the first state habeas petition. For this reason, petitioner is not entitled to interval tolling for the petitions filed in the El Dorado County Superior Court.

        The undersigned also finds that petitioner is not entitled to tolling for the time his second petition was pending because the Superior Court denied it as a successive duplicative petition. As such, it was not properly filed. 28 U.S.C. § 2244(d)(2).

        Respondent next argues that petitioner is not entitled to interval tolling for the time between when the El Dorado County Superior Court denied his second petition and when he filed his petition in the California Court of Appeal because the second petition filed in the El Dorado County Superior Court was not properly filed. The undersigned has difficulty with this argument because respondent does not argue that the petition filed in the California Court of

Appeal was not properly filed. In other words, respondent's argument for no interval tolling is based entirely on the finding that the petition in the El Dorado County Superior Court was not properly filed.

The undersigned finds that there is no interval tolling between the El Dorado County Superior Court's denial of the second petition and the filing of the petition in the California Court of Appeal because neither petition was properly filed. The petition filed in the California Court of Appeal was filed approximately eight months after the denial of the second petition by the El Dorado County Superior Court, making this petition presumptively untimely. Evans v. Chavis, supra; Chaffer v. Prosper; supra.

Respondent does not argue that the habeas corpus petition filed in the California Court of Appeal was improperly filed, as the order denying this petition was without comment or citation. Accordingly, petitioner is entitled to statutory tolling for the six days this petition was pending, i.e. from March 20, 2010, to March 25, 2010.

Respondent argues that petitioner is not entitled to interval tolling for the time between when the California Court of Appeal denied his third state habeas petition and when he filed his petition in the California Supreme Court. Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005) (untimely petitions are not properly filed). The California Supreme Court denied petitioner's habeas petition by order citing In re Robbins, 18 Cal.4th 770, 780 (1998). (Respondent's Lodged Document 16.)

The citation to Robbins was a ruling by the California Supreme Court that the petition was untimely. Thorson v. Palmer, 479 F.3d 643, 645 (9th Cir. 2007) ("[T]he California Supreme Court's citation to Robbins was a clear ruling that Thorson's petition was untimely.") Accordingly, petitioner is not entitled to interval tolling for the time between when the California Court of Appeal denied his petition and when he filed his petition in the California Supreme Court. Petitioner is also not entitled to tolling for the time his habeas petition was pending in the California Supreme Court as this petition was not properly filed. Pace, 544 U.S. at 417.

In summary, petitioner is entitled to statutory tolling only for the six days his petition was pending in the California Court of Appeal. Adding six days to the date the limitations period ran on May 20, 2010, would make the statute of limitations expire on May 26, 2010. The instant action is not timely unless petitioner is entitled to equitable tolling.

C. Equitable Tolling

In his opposition to the pending motion, petitioner makes allegations in support of a claim for equitable tolling.

Equitable tolling is available to toll the one-year statute of limitations available to 28 U.S.C. § 2254 habeas corpus cases. Holland v. Florida, 130 S. Ct. 2549, 2560 (2010). A litigant seeking equitable tolling must establish: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). A petitioner who fails to file a timely petition due to his own lack of diligence is not entitled to equitable tolling. Tillema v. Long, 253 F.3d 494, 504 (9th Cir. 2001).

Petitioner alleges that after the trial court issued its amended abstract of judgment on March 20, 2009, he believed that he was "starting over," meaning that his time to file a petition had started again. (Dkt. 16 at 2.) Petitioner's ignorance of the law does not constitute an "extraordinary circumstance" justifying equitable tolling. Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006).

Petitioner also contends that after the El Dorado County Superior Court denied his first state habeas petition on January 13, 2009, he was transported to the El Dorado County Jail to be resentenced. Petitioner claims that during this time, he did not attempt to file any other paperwork because he was told that his sentence was "nil and void." Petitioner states that he waited until he was resentenced before attempting to move forward in the filing process. Again, if petitioner is claiming that his misunderstanding of the law prevented him from filing a timely petition, this circumstance does not justify equitable tolling. Raspberry v. Garcia, 448 F.3d at 1154.

1   Petitioner goes on to claim that the second petition filed in the El Dorado County
2   Superior Court on June 26, 2009, was filed by the mistake of the United States Postal Service.
3   Petitioner alleges,

> My then attorney, Gilbert E. Maines, in an attempt to return a copy
> of the writ to me via U.S. Postal Services had opened up in mailing
> of the writ and the envelope addressed to me was lost while its
> contents, addressed to the El Dorado County Superior Court, was
> returned to the courts, which was then filed yet a 2nd time, hence
> unintentionally.

(Dkt. No. 16 at 2.)

Petitioner appears to claim that his attorney attempted to mail him a copy of his first petition filed in the El Dorado County Superior Court, but that the United States Postal Service opened the envelope. Petitioner claims that the United States Postal Service then returned the petition to the court, which caused it to be filed a second time.

As noted by respondent in the reply, petitioner provides no evidence that he did not intend to file the second petition in the El Dorado County Superior Court. However, the fact that the second petition is a copy of the first petition filed in that court supports petitioner's claim.

However, if petitioner was unaware of the alleged mistaken filing of the second petition, he does not explain why it took him approximately thirteen months from the time the El Dorado County Superior Court denied his first petition to the date when he filed his habeas corpus petition in the California Court of Appeal. If petitioner was aware of the mistaken filing, petitioner does not address why it took him approximately eight months to file his habeas corpus petition in the California Court of Appeal after the El Dorado County Superior Court denied his second petition. For these reasons, the undersigned does not find that the alleged mistaken filing prevented petitioner from filing a timely federal petition. Rather, the length of time it took petitioner to file his habeas corpus petition in the California Court of Appeal demonstrates that petitioner did not diligently pursue state post-conviction relief.

For the reasons discussed above, the undersigned finds that petitioner is not entitled to equitable tolling.

IT IS HEREBY RECOMMENDED that respondent's July 22, 2011 motion to dismiss (Dkt. No. 17) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(3). Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:  September 12, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

ch562.mtd