IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH WAYNE CHANCE,

      Petitioner,                    No. 2: 11-cv-0562 GEB KJN P

   vs.

M. MARTELL,

      Respondent.               ORDER

_____/

      Petitioner is a state prisoner, proceeding without counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This action is proceeding on the original petition filed February 2, 2011.

      On May 6, 2011, respondent filed a motion to dismiss on grounds that the petition was barred by the statute of limitations. On September 13, 2011, the undersigned recommended that respondent's motion be granted. On December 12, 2011, petitioner filed objections to the findings and recommendations. For the following reasons, further briefing is ordered regarding the issue of equitable tolling.

////

////

////

Background

A one year statute of limitations runs from the date petitioner's conviction became final. 28 U.S.C. § 2244(d)(1). In the September 13, 2011 findings and recommendations, the undersigned found that petitioner's conviction became final on May 20, 2009. Petitioner had one year from that date to file a timely federal habeas corpus petition, i.e., until May 19, 2010. The undersigned found that this action was not timely unless petitioner was entitled to statutory or equitable tolling.

In the September 13, 2011 findings and recommendations, the undersigned found that petitioner was entitled to six days of statutory tolling. The undersigned further found that petitioner was not entitled to equitable tolling. Based on these findings, the undersigned recommended that respondent's motion to dismiss be granted.

As discussed above, in his objections to the findings and recommendations petitioner makes further arguments in support of equitable tolling which the undersigned addresses herein.

Discussion

The following background regarding petitioner's state appellate and post-conviction filings is relevant to the issue of equitable tolling.

On July 20, 2006, the California Court of Appeal reversed petitioner's conviction for assault on a peace officer and remanded the case for resentencing. On August 18, 2008, the California Supreme Court reversed the state appellate court's judgment that had reversed petitioner's conviction for assault on a peace officer.

On March 20, 2009, the El Dorado County Superior Court amended its abstract of judgment in accordance with the opinions of the California Court of Appeal and California Supreme Court. Petitioner did not appeal the amended judgment.

On December 9, 2008, petitioner filed his first habeas corpus petition in the El Dorado County Superior Court. On January 13, 2009, the Superior Court denied this petition by

order addressing the merits of petitioner's claims.

On June 26, 2009, petitioner filed a second habeas corpus petition in the El Dorado County Superior Court. On July 22, 2009, the Superior Court denied this petition on grounds that it was identical to the petition previously filed.

On March 20, 2010, petitioner filed a habeas corpus petition in the California Court of Appeal. On March 25, 2010, the California Court of Appeal denied the petition without comment or citation.

On April 22, 2010, petitioner filed a habeas corpus petition in the California Supreme Court. On November 10, 2010, the California Supreme Court denied the petition by order citing In re Robbins, 18 Cal.4th 770, 780 (1998).

Equitable tolling is available to toll the one-year statute of limitations available to 28 U.S.C. § 2254 habeas corpus cases. Holland v. Florida, 130 S. Ct. 2549, 2560 (2010). A litigant seeking equitable tolling must establish: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). A petitioner who fails to file a timely petition due to his own lack of diligence is not entitled to equitable tolling. Tillema v. Long, 253 F.3d 494, 504 (9th Cir. 2001).

In his opposition to respondent's motion to dismiss, petitioner alleged that after the trial court issued its amended abstract of judgment on March 20, 2009, he believed that he was "starting over," meaning that his time to file a petition had started again. (Dkt. 16 at 2.) In the original findings and recommendations, the undersigned found that petitioner's ignorance of the law did not constitute an "extraordinary circumstance" justifying equitable tolling. Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006).

In his opposition, petitioner also contended that after the El Dorado County Superior Court denied his first state habeas petition on January 13, 2009, he was transported to the El Dorado County Jail to be resentenced. Petitioner claims that during this time, he did not attempt to file any other paperwork because he was told that his sentence was "nil and void."

Petitioner stated that he waited until he was resentenced before attempting to move forward in the filing process. Regarding these arguments, the undersigned found that if petitioner was claiming that his misunderstanding of the law prevented him from filing a timely petition, this circumstance did not justify equitable tolling. Raspberry v. Garcia, 448 F.3d at 1154.

In his opposition, petitioner went on to claim that the second petition filed in the El Dorado County Superior Court on June 26, 2009, was filed by the mistake of the United States Postal Service. Petitioner alleged,

> My then attorney, Gilbert E. Maines, in an attempt to return a copy of the writ to me via U.S. Postal Services had opened up in mailing of the writ and the envelope addressed to me was lost while its contents, addressed to the El Dorado County Superior Court, was returned to the courts, which was then filed yet a 2nd time, hence unintentionally.

(Dkt. No. 16 at 2.)

In his opposition, petitioner claimed that his attorney attempted to mail him a copy of his first petition filed in the El Dorado County Superior Court, but that the United States Postal Service opened the envelope. Petitioner claimed that the United States Postal Service then returned the petition to the court, which caused it to be filed a second time.

In the findings and recommendations, the undersigned found that, as noted by respondent in the reply, petitioner provided no evidence that he did not intend to file the second petition in the El Dorado County Superior Court. However, the undersigned went on to find that the fact that the second petition is a copy of the first petition filed in that court supported petitioner's claim.

In the original findings and recommendations, the undersigned found that petitioner had not adequately explained why it took him so long to file his habeas petition in the California Court of Appeal:

> However, if petitioner was unaware of the alleged mistaken filing of the second petition, he does not explain why it took him approximately thirteen months from the time the El Dorado County

4

>Superior Court denied his first petition to the date when he filed his habeas corpus petition in the California Court of Appeal. If petitioner was aware of the mistaken filing, petitioner does not address why it took him approximately eight months to file his habeas corpus petition in the California Court of Appeal after the El Dorado County Superior Court denied his second petition. For these reasons, the undersigned does not find that the alleged mistaken filing prevented petitioner from filing a timely federal petition. Rather, the length of time it took petitioner to file his habeas corpus petition in the California Court of Appeal demonstrates that petitioner did not diligently pursue state post-conviction relief.

(Dkt. No. 18 at 11.)

In his objections to the findings and recommendations, petitioner addressed in more detail the issue of why it took him so long to file his petition in the California Court of Appeal. In his objections, petitioner stated that after the Superior Court denied his first petition on January 13, 2009, he began to prepare his petition to file in the California Court of Appeal. (Dkt. 26 at 4.) Petitioner stated that while preparing this response, on February 4, 2009, he was transferred from Mule Creek State Prison ("MCSP") to the El Dorado County Jail. (Id.) Petitioner states that he could not work on his habeas petition while housed at the El Dorado County Jail because he did not have his complete legal records. (Id.) Petitioner states that he took his original habeas petition filed in the Superior Court with him to the jail following his transfer on February 4, 2009. (Id. at 5.) Petitioner gave this petition to Gilbert Maines, the attorney who had previously represented him. (Id.) Petitioner wanted Gilbert Maines to "look it over." (Id.) On April 20, 2009, petitioner was transferred back to MCSP. (Id.) Petitioner received access to his legal property thirty days later, i.e. on or around May 20, 2009. (Id.)

Petitioner states that when he received his legal property on or around May 20, 2009, he began working on his habeas petition to file in the California Court of Appeal. (Id. at 5-6.) When he realized that he had not received the habeas corpus petition filed in the Superior Court back from Gilbert Maines, he contacted Gilbert Maines and requested that he return it to him. (Id. at 6.) Gilbert Maines agreed to mail the petition back to petitioner. (Id.)

5

While waiting for the petition from Gilbert Maines, petitioner received a minute order from the Superior Court stating that his petition filed June 26, 2009, had been assigned to Judge Melikian. (Id.) Petitioner states that he was confused because he had not filed a second petition in Superior Court. (Id.) Petitioner contacted Gilbert Maines and told him about the order he had received from the Superior Court. (Id.) Petitioner also informed Gilbert Maines that he had still not received the copy of the first petition in the mail. (Id.) Gilbert Maines told petitioner that he would investigate the matter. (Id. at 7.)

Petitioner called Gilbert Maines approximately one week later. (Id.) Gilbert Maines told petitioner that he had contacted the U.S. Postal Service and was informed that the envelope containing the Superior Court petition he had mailed petitioner was mistakenly forwarded to the El Dorado County Superior Court. (Id.) Apparently, the envelope had come open and the U.S. Postal Service sent the contents to the Superior Court. (Id.) The Superior Court then filed the petition. (Id.)

Petitioner also states that at some time in 2010 he was placed in administrative segregation without access to his legal property. (Id. at 9.) On January 1, 2011, petitioner was released from administrative segregation and granted law library access and, apparently, access to his legal property. (Id.) Petitioner appears to argue that he is entitled to equitable tolling for the time he was in administrative segregation after the California Supreme Court denied his petition on November 10, 2010, to January 1, 2011.

Petitioner may be entitled to equitable tolling for the time he was without access to his legal property, including his petition filed in the Superior Court which he allegedly gave to Gilbert Maines, beginning on February 4, 2009, until when petitioner finally received the petition from Gilbert Maines. Petitioner's objections do not state when he received the petition from Gilbert Maines. Accordingly, petitioner is directed to file further briefing addressing when he received the petition from Gilbert Maines. If petitioner has a letter from Gilbert Maines that accompanied the petition, he shall file it with the court.

1   Petitioner also may be entitled to equitable tolling for some of the time he was in
2   administrative segregation at the end of 2010.  Petitioner's further briefing shall address the dates
3   he was in administrative segregation during that time.
4   Respondent may file a reply brief addressing whether petitioner is entitled to
5   equitable tolling.
6   Accordingly, IT IS HEREBY ORDERED that within fourteen days of the date of
7   this order, petitioner shall file the further briefing described above; respondent may file a reply
8   within seven days thereafter.
9   DATED:  January 11, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

ch562.fb