1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   KENNETH WAYNE CHANCE,

11          Petitioner,                   No. 2: 11-cv-0562 GEB KJN P

12      vs.                               AMENDED

13   M. MARTELL,                          FINDINGS AND RECOMMENDATIONS

14          Respondent.
                                    /
15

16   I.  Introduction

17          Petitioner is a state prisoner, proceeding without counsel, with a petition for writ

18   of habeas corpus pursuant to 28 U.S.C. § 2254.  This action is proceeding on the original petition

19   file stamped February 2, 2011.[1]  Petitioner challenges his 2004 conviction for attempted murder,

20   assault with a firearm upon a police officer, possession of a firearm by a felon, and possession of

21   ammunition by a person prohibited from possessing a firearm.  Petitioner raises the following

22   claims: 1) jury misconduct; 2) insufficient evidence; 3) ineffective assistance of counsel; and

23   4) ineffective assistance of appellate counsel.

24   ////

25   _____

26      [1]  The petition contains no proof of service indicating when it was mailed to the court.

1

1           Pending before the court is respondent's motion to dismiss on the grounds that

2  this action is barred by the statute of limitations.  On September 13, 2011, the undersigned

3  recommended that respondent's motion be granted.

4           After two extensions of time, on December 12, 2011, petitioner filed objections to

5  the findings and recommendations.  In his objections, petitioner expanded on his claim for

6  equitable tolling.  On January 12, 2011, the undersigned ordered petitioner to file further briefing

7  addressing the issue of equitable tolling within fourteen days.  On January 25, 2012, petitioner

8  filed further briefing.  On March 5, 2012, respondent filed further briefing.

9           Based on the further briefing received following issuance of the findings and

10  recommendations, the undersigned issues amended findings and recommendations.  After

11  carefully reviewing the record, the undersigned again recommends that respondent's motion be

12  granted.

13  II.  Discussion

14          A.  When Petitioner's Conviction Became Final

15           The statute of limitations for federal habeas corpus petitions is set forth in 28

16  U.S.C. § 2244(d)(1):

17          A 1-year period of limitation shall apply to an application for a writ
            of habeas corpus by a person in custody pursuant to the judgment
18          of a State court.  The limitation period shall run from the latest of–

19          (A) the date on which the judgment became final by the conclusion
            of direct review or the expiration of the time for seeking such
20          review;

21          (B) the date on which the impediment to filing an application
            created by State action in violation of the Constitution or laws of
22          the United States is removed, if the applicant was prevented from
            filing by such State action;
23

24          (C) the date on which the constitutional right asserted was initially
            recognized by the Supreme Court, if the right has been newly
            recognized by the Supreme Court and made retroactively
25          applicable to cases on collateral review; or

26          (D) the date on which the factual predicate of the claim or claims

1    presented could have been discovered through the exercise of due
2    diligence.

3    On July 20, 2006, the California Court of Appeal reversed petitioner's conviction

4    for assault on a peace officer and remanded the case for resentencing.  (Respondent's Lodged

5    Document 2.)  On August 18, 2008, the California Supreme Court reversed the state appellate

6    court's judgment reversing petitioner's conviction for assault on a peace officer.  (Respondent's

7    Lodged Document 7.)

8    On March 20, 2009, the Superior Court amended its abstract of judgment in

9    accordance with the opinions of the California Court of Appeal and California Supreme Court.

10    (Respondent's Lodged Document 8.)  Petitioner did not appeal the amended judgment.

11    Petitioner's conviction became final sixty days after the March 20, 2009 entry of

12    the amended judgment by the trial court, i.e. on May 19, 2009.  See Cal. Rule of Court 8.308(a)

13    (former Rule 30.1).  The statue of limitations began running the following day, i.e. on May 20,

14    2009.  Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).  Petitioner had one year from

15    that date to file a timely federal habeas corpus petition, i.e. until May 19, 2010.  Therefore, the

16    instant action filed on February 2, 2011, is not timely unless petitioner is entitled to statutory or

17    equitable tolling.

18    B.  Statutory Tolling

19    *Legal Standard*

20    The period of limitation is tolled while a "properly filed" application for state

21    post-conviction or other collateral review is pending.  28 U.S.C. § 2244(d)(2).  Once a petitioner

22    begins state collateral proceedings, a state habeas petition is "pending" during a full round of

23    review in the state courts, including the time between a lower court decision and the filing of a

24    new petition in a higher court, as long as the intervals between the filing of those petitions are

25    "reasonable."  Carey v. Saffold, 536 U.S. 214, 222-24 (2002).  However, interval tolling only

26    applies to petitions that are "properly" filed in state court.  28 U.S.C. § 2244(d)(2); Nino v.

3

1  Galaza, 183 F.3d 1993, 1006 (9th Cir. 1999).

2                  *Petitioner's State Post-Conviction Collateral Filings*

3                  Pursuant to the mailbox rule, petitioner filed his first state habeas corpus petition

4  in the El Dorado County Superior Court on December 9, 2008.  (Respondent's Lodged

5  Document 9.)   On January 13, 2009, the Superior Court denied that petition by an order

6  addressing the merits of petitioner's claims.  (Respondent's Lodged Document 10.)

7                  On June 26, 2009, petitioner filed a second habeas corpus petition in the El

8  Dorado County Superior Court.  (Respondent's Lodged Document 11.)  That petition contains no

9  proof of service and was signed by petitioner on December 9, 2008, i.e. the same date as the first

10  petition.  (Id.)  For these reasons, the undersigned finds that this petition was filed on the date it

11  was file stamped by the El Dorado County Superior Court, i.e. on June 26, 2009.  On July 22,

12  2009, the Superior Court denied that petition on the grounds that it was identical to the petition

13  previously filed.  (Respondent's Lodged Document 12.)

14                  Pursuant to the mailbox rule, on March 20, 2010, petitioner filed a habeas corpus

15  petition in the California Court of Appeal.  (Respondent's Lodged Document 13.)  On March 25,

16  2010, the California Court of Appeal denied that petition without comment or citation.

17  (Respondent's Lodged Document 14.)

18                  On April 22, 2010, petitioner filed a habeas corpus petition in the California

19  Supreme Court.  (Respondent's Lodged Document No. 15.)  That petition contains no proof of

20  service nor signature date.  (Id.)  For these reasons, the undersigned finds that such petition was

21  filed on the date it was file stamped by the California Supreme Court, i.e. on April 22, 2010.  On

22  November 10, 2010, the California Supreme Court denied that petition by order citing In re

23  Robbins, 18 Cal.4th 770, 780 (1998).  (Respondent's Lodged Document No. 16.)

24                  *Analysis*

25                  Respondent argues that petitioner is not entitled to interval tolling from the date

26  when his conviction became final and when he filed his first state habeas petition.  The

4

1  undersigned agrees.  See Raspberry v. Garcia, 448 F.3d 1150, 1153 n.1 (9th Cir. 2006) (the

2  statute of limitations is not tolled from the time a final decision is issued on direct appeal and the

3  time the first collateral challenge is filed).

4         Respondent argues that petitioner is not entitled to tolling for the time his first

5  state habeas corpus petition was pending in the El Dorado County Superior Court because it was

6  filed and concluded prior to the commencement of the statute of limitations.  A collateral action

7  filed prior to the effective date of the statute of limitations has no tolling consequence.  Waldrip

8  v. Hall, 548 F.3d 729, 735 (9th Cir. 2008) (noting that although the filing of a state habeas

9  petition "would otherwise have tolled the running of the federal limitations period, since it was

10  denied before that period had started to run, it had no effect on the timeliness of the ultimate

11  federal filing.").  Because petitioner's first petition filed in the El Dorado County Superior Court

12  was filed and concluded prior to the commencement of the statute of limitations, petitioner is not

13  entitled to statutory tolling for the time this petition was pending.

14         For three different reasons, respondent next argues that petitioner is not entitled to

15  interval tolling for the time between when the El Dorado County Superior Court denied his first

16  petition and when he filed his second petition in that court.  However, because the first state

17  habeas petition "had no ultimate affect on the timeliness of the ultimate federal filing," Waldrip,

18  548 F.3d at 735, this petition does not "qualify" for interval tolling at all.  Accordingly, petitioner

19  is not entitled to interval tolling for the time between the two petitions filed in the El Dorado

20  County Superior Court.

21         Respondent argues that petitioner is not entitled to statutory tolling for the time

22  the second petition filed in the El Dorado County Superior Court was pending.  For the reasons

23  stated herein, the undersigned finds that petitioner is not entitled to tolling for the time his second

24  petition was pending because the Superior Court denied it as a successive duplicative petition.

25  As such, it was not properly filed.  28 U.S.C. § 2244(d)(2).

26  ////

1    "[A]n application is 'properly filed' when its delivery and acceptance are in

2    compliance with the applicable laws and rules governing filings." Artuz v. Bennett, 531 U.S. 4,

3    8 (2000) (explaining that typical filing requirements include all relevant time limits).  In Artuz v.

4    Bennett, the Supreme Court construed the meaning of "properly filed" as follows:

5              [A]n application is "properly filed" when its delivery and
               acceptance are in compliance with the applicable laws and rules
6              governing filings. These usually prescribe, for example, the form
               of the document, the time limits upon its delivery, the court and
7              office in which it must be lodged, and the requisite filing fee ... But
               in common usage, the question whether an application has been
8              "properly filed" is quite separate from the question whether the
               claims contained in the application are meritorious and free of
9              procedural bar.

10   531 U.S. 4, 8-9 (2000) (emphasis omitted).

11            Under California law, "[i]t has long been the rule that absent a change in the

12   applicable law or the facts, the [state] court[s] will not consider repeated applications for habeas

13   corpus presenting claims previously rejected." In re Clark, 5 Cal.4th 750, 767 (1993).  "The

14   court has also refused to consider newly presented grounds for relief which were known to the

15   petitioner at the time of a prior collateral attack on the judgment." Id. at 767-68.  In Clark, the

16   California Supreme Court went on to state, "[a] successive petition presenting additional claims

17   that could have been presented in an earlier attack on the judgment is, of necessity, a delayed

18   petition." Id. at 770.

19            Several courts, including the undersigned, have found that a citation to Clark,

20   supra, by a California court generally indicates that the petition was not timely, but it may also

21   have been meant to indicate that the petition was successive; however, this does not change the

22   determination that petition was not properly filed for statutory tolling purposes. See Goodridge

23   v. Subias, 2010 WL 1286870 at * 4 (E.D. Cal. March 29, 2010); Gonzalez v. Runnels, 2008 WL

24   80744 at * 4 (E.D.Cal. Jan. 7, 2008) ("[U]nder Pace, whether the state supreme court meant to

25   indicate that the petition was untimely or successive would essentially be a distinction without a

26   difference in the context of statutory untimeliness under AEDPA"); Delander v. Hubbard, 2008

1    WL 2622856 at * 6 (S.D. Cal. July 1, 2008) ("This citation [to Clark] demonstrates that the court

2    is denying the petition because it is either successive or untimely ... California rules provide that

3    a successive petition is by necessity a delayed petition.")

4             In the instant case, the second petition filed by petitioner in the El Dorado County

5    Superior Court was a successive petition because it was identical to the first petition, raising no

6    new claims.  In its order, the El Dorado County Superior Court stated, "As this court has

7    previously addressed an identical petition for a writ of habeas corpus, the Court will not address

8    the current one.  As such, the petition for writ of habeas corpus is denied."  (Respondent's

9    Lodged Document 12.)

10            The California Supreme Court's reasons for finding a successive petition raising

11   new claims to be untimely is equally applicable to a successive petition raising identical claims.

12   There is no indication in Clark that the California Supreme Court meant to find that a successive

13   duplicative petition was timely, whereas a successive petition raising new claims was not.

14   Accordingly, the undersigned finds that petitioner's second state habeas petition was not properly

15   filed because it was successive to the first state habeas petition.  For this reason, petitioner is not

16   entitled to tolling for the time this petition was pending.

17            Respondent next argues that petitioner is not entitled to interval tolling for the

18   time period between when the El Dorado County Superior Court denied his second petition and

19   when he filed his petition in the California Court of Appeal.

20            The undersigned finds that there is no interval tolling between the El Dorado

21   County Superior Court's denial of the second petition and the filing of the petition in the

22   California Court of Appeal because neither petition was properly filed.  As discussed above, the

23   second petition filed in the Superior Court was not properly filed because it was identical to the

24   first petition filed in the Superior Court.  For the reasons discussed herein, the undersigned finds

25   that the petition filed in the California Court of Appeal was not properly filed because it was

26   untimely.  Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005) (petitions that are untimely are not

1   "properly" filed.)

2          As discussed above, the California Court of Appeal denied petitioner's habeas

3   petition without comment or citation.  Where there is no clear indication from the state court as

4   to whether the petition was timely under California law, the federal court must itself examine the

5   delay and determine whether the petition was filed within what California would consider a

6   reasonable period of time.  Evans v. Chavis, 546 U.S. 189, 197-98 (2006).  Even when a

7   California state habeas petition is denied on the merits, the federal court must determine whether

8   the petition was timely, if the issue of timeliness was not expressly addressed by the state court.

9   Id.

10         In the instant case, petitioner waited approximately eight months to file his

11  petition in the California Court of Appeal after the Superior Court denied his second petition,

12  making this petition *presumptively* untimely.  See Evans v. Chavis, 546 U.S. 189, 201 (2006)

13  (holding that delay of six months was unreasonable under California law); Chaffer v. Prosper,

14  592 F.3d 1046, 1047-48 (9th Cir. 2010) (per curiam) (holding that gaps of 115 days and 100 days

15  rendered California state habeas petitions untimely).

16         In the further briefing addressing the issue of equitable tolling, petitioner makes

17  several arguments regarding why he could not file a habeas corpus petition in the California

18  Court of Appeal until March 2010.  As will be discussed infra, the undersigned finds that

19  petitioner has not demonstrated that he is entitled to equitable tolling for this delay.  For the same

20  reasons, the undersigned finds that petitioner has not adequately explained this gap for purposes

21  of statutory tolling.

22         Respondent does not argue that the habeas corpus petition filed in the California

23  Court of Appeal was improperly filed, as the order denying this petition was without comment or

24  ////

25  ////

26  ////

1  citation.[2]  Accordingly, petitioner is entitled to statutory tolling for the six days this petition was

2  pending, i.e. from March 20, 2010, to March 25, 2010.

3        Respondent argues that petitioner is not entitled to tolling for the time between

4  when the California Court of Appeal denied petitioner's habeas petition and when he filed his

5  petition in the California Supreme Court.  The California Supreme Court denied petitioner's

6  habeas petition by order citing In re Robbins, 18 Cal.4th 770, 780 (1998).  (Respondent's Lodged

7  Document 16.)

8        The citation to Robbins was a ruling by the California Supreme Court that the

9  petition was untimely.  Thorson v. Palmer, 479 F.3d 643, 645 (9th Cir. 2007) ("[T]he California

10  Supreme Court's citation to Robbins was a clear ruling that Thorson's petition was untimely.")

11  Accordingly, petitioner is not entitled to interval tolling for the time between when the California

12  Court of Appeal denied his petition and when he filed his petition in the California Supreme

13  Court.  Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005) (untimely petitions are not properly

14  filed).  For the same reasons, petitioner is also not entitled to tolling for the time his habeas

15  petition was pending in the California Supreme Court.  Id.

16        In summary, petitioner is entitled to statutory tolling only for the six days his

17  petition was pending in the California Court of Appeal.  Adding six days to the date the

18  limitations period ran on May 20, 2010, would make the statute of limitations expire on May 26,

19

20        [2] The reasoning of Evans v. Chavis, i.e., that unexplained delays in the filing of petitions
denied without comment or citation renders them untimely, applies to the calculation of interval
21  tolling only.  See Evans v. Chavis, 546 U.S. 189, 201 (2006); see also Gaston v. Palmer, 447
F.3d 1165, 1167 (9th Cir. 2006) (amending 417 F.3d 1030 (9th Cir.2005) (petitioner not entitled
22  to "gap" tolling for intervals between California state habeas filings of 15 months, 18 months,
and 10 months, given length of delays, lack of clear statement from California legislature or
23  courts that delays of such length were reasonable, and lack of explanation or justification for
delays)); Culver v. Director of Corrections, 450 F.Supp.2d 1135, 1140–41 (C.D.Cal. 2006)
24  (unexplained, unjustified delays of 97 and 71 days between the denial of one state petition and
the filing of the next petition constituted unreasonable delays such that the intervals cannot be
25  tolled under Chavis).  Because the California Court of Appeal denied petitioner's habeas petition
without comment or citation, petitioner is entitled to statutory tolling for the time this petition
26  was pending in the California Court of Appeal.

1    2010.  Accordingly, the instant action is not timely unless petitioner is entitled to equitable

2    tolling.

3                      C.  Equitable Tolling

4                      In petitioner's opposition to the pending motion, his objections to the September

5    13, 2011 findings and recommendations, and in his further briefing filed January 25, 2012,

6    petitioner makes allegations in support of a claim for equitable tolling.

7                      *Legal Standard*

8                      Equitable tolling is available to toll the one-year statute of limitations available to

9    28 U.S.C. § 2254 habeas corpus cases.  Holland v. Florida, 130 S. Ct. 2549, 2560 (2010).  A

10   litigant seeking equitable tolling must establish: (1) that he has been pursuing his rights

11   diligently; and (2) that some extraordinary circumstance stood in his way.  Pace v. DiGuglielmo,

12   544 U.S. 408, 418 (2005).  A petitioner who fails to file a timely petition due to his own lack of

13   diligence is not entitled to equitable tolling.  Tillema v. Long, 253 F.3d 494, 504 (9th Cir. 2001).

14                     *Ignorance of the law*

15                     Petitioner alleges that he is entitled to equitable tolling because after the trial court

16   issued its amended abstract of judgment on March 20, 2009, he believed that he was "starting

17   over," meaning that his time to file a petition had started again.  (Dkt. 16 at 2.)  Petitioner's

18   ignorance of the law does not constitute an "extraordinary circumstance" justifying equitable

19   tolling.  Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006).  As will be discussed below,

20   this argument is also inconsistent with petitioner's other claims for equitable tolling.

21                     *Alleged Denial of Access to Legal Property*

22                     Petitioner argues that he is entitled to equitable tolling because he was denied

23   access to his legal property while he was housed in the El Dorado County jail to be resentenced.

24   In his objections, petitioner alleges that he was transferred to the El Dorado County Jail on or

25   around February 4, 2009, until April 20, 2009.  (Dkt. No. 26 at 4.)  Petitioner argues that when he

26   was transferred to the jail he was unable to take his "complete legal records."  (Id. at 4-5.)

1    Petitioner alleges that he was able to take with him a copy of the petition filed in the Superior

2    Court and a copy of the order by the Superior Court denying the petition.  (Id.)

3              In their further briefing, respondents observe that petitioner is not entitled to

4    equitable tolling for the time he was housed in the El Dorado County Jail because the statute of

5    limitations did not begin to run until after he returned to Mule Creek State Prison ("MCSP") on

6    April 20, 2009.  (Respondent's Lodged Document 17 at 1 (prison records indicating date

7    petitioner returned to MCSP.)   As discussed above, the statute of limitations began running on

8    May 20, 2009.  Because the statute of limitations was not running while petitioner was in the El

9    Dorado County Jail during this time period, petitioner is not entitled to equitable tolling during

10   that time period.

11             The undersigned acknowledges that a petitioner may be entitled to equitable

12   tolling if he is denied access to legal papers despite his repeated requests for them.  See, e.g.,

13   Espinoza–Matthews v. California, 432 F.3d 1021, 1027–28 (9th Cir. 2005); Lott v. Mueller, 304

14   F.3d 918, 924–25 (9th Cir. 2002).  In the instant case, petitioner has not demonstrated how his

15   lack of access to his legal property during the approximately three months he was housed at the

16   El Dorado County Jail prevented him from filing a timely federal petition.  Petitioner admits that

17   he had with him a copy of the habeas petition he filed in the Superior Court and that he had some

18   of his legal property.  Petitioner does not identify any specific legal documents that he did not

19   have access to that prevented him from preparing his petition to be filed in the California Court

20   of Appeal.  See  Waldron–Ramsey v. Pacholke, 556 F.3d 1008, 1013–14 (9th Cir. 2009)

21   (affirming the denial of equitable tolling, and stating, "[Petitioner] does not point to specific

22   instances where he needed a particular document, could not have kept that document within his

23   permitted three boxes had he been cooperative, and could not have procured that particular

24   document when needed.")  Assuming the statute of limitations was running during this time,

25   petitioner would not be entitled to equitable tolling because he has not demonstrated that his lack

26   of access to his legal property prevented him from filing a timely federal petition.

1    Petitioner also contends that he is entitled to equitable tolling for the time he was

2   denied access to his legal property following his return to MCSP.  In his objections, petitioner

3   alleges that although he returned to MCSP on April 20, 2009, he did not receive his legal

4   property until May 20, 2009.  (Dkt. No. 26 at 5.)  Because the statute of limitations did not begin

5   running until May 20, 2009, petitioner's alleged inability to access his legal property during that

6   one month does not qualify for equitable tolling.  In any event, in their further briefing,

7   respondent states that petitioner signed a property inventory sheet on April 30, 2009,

8   acknowledging his receipt of his legal property.  (Respondent's Lodged Document 17 at 4.)

9                    *Alleged Denial of Access to Superior Court Habeas Petition*

10    Petitioner next argues that he is entitled to equitable tolling because he did not

11   have a copy of the habeas corpus petition filed in the Superior Court upon his return to MCSP.

12   The background to this claim for equitable tolling is set forth herein.

13    Petitioner alleges that while he was housed in the El Dorado County Jail, he gave

14   Gilbert Maines (his court appointed attorney) his copy of the habeas petition filed in the Superior

15   Court to "look over."  (Dkt. No. 26 at 5.)  Petitioner claims that when he returned to the MCSP,

16   he realized that Mr. Maines had not returned the copy of the petition to him.  (Id. at 6.)  Petitioner

17   alleges that he contacted Mr. Maines and requested that he return the petition.  (Id.)  Petitioner

18   alleges that Mr. Maines agreed to mail him the petition.  (Id.)

19    Petitioner goes on to allege that he soon received a minute order from the El

20   Dorado County Superior Court denying a habeas corpus petition allegedly filed by petitioner.

21   (Id.)  Petitioner alleges that he was confused by this order because he had not filed a second

22   petition in the Superior Court.  (Id.)  Petitioner claims that he tried to contact Mr. Maines by

23   telephone regarding the Superior Court's order and to let him know that he still had not received

24   the copy of the petition.  (Id.)  Petitioner alleges that Mr. Maines told him to call back by the end

25   of the week so that he could investigate the matter.  (Id. at 7.)

26    Petitioner alleges that when he called back, Mr. Maines told him that he had

1   contacted the U.S. Postal Service.  (Id.)  According to the U.S. Postal Service, the envelope sent

2   to petitioner by Mr. Maines containing the copy of the petition filed in the Superior Court had

3   accidently opened.  (Id.)  The U.S. Postal Service then forwarded the contents of the envelope,

4   i.e., the copy of the habeas petition, to the El Dorado Superior Court.  (Id.)  The Superior Court

5   filed the petition.  (Id.)  Petitioner alleges that he attempted to inform the Superior Court that the

6   second petition was filed in error, but received no response.  (Id.)

7             In his further briefing filed January 25, 2012, petitioner alleges that he has still not

8   received a copy of the petition he filed in the Superior Court from Mr. Maines.  (Dkt. 28 at 1.)

9   Petitioner also alleges that he sent a letter to the El Dorado County Clerk requesting that he be

10  sent a copy of the petition, but this letter went unanswered.  (Id. at 2.)  Petitioner also alleges that

11  family members attempted to contact Mr. Maines but to "no avail."  (Id.)

12            Respondent has filed a copy of relevant petitioner's mail log.  (Respondent's

13  Lodged Document 18 at 2.)  According to the mail log, petitioner first received mail *from* Gilbert

14  Maines following his return to MCSP on June 22, 2009.  (Id.)  The log indicates that petitioner

15  *sent* Mr. Maines mail on July 20, 2009.  (Id.)  Petitioner also sent mail to the Superior Court in

16  Placerville, i.e., El Dorado County, on July 27, 2000.[3]  (Id.)  Petitioner received mail from the

17  Superior Court in Placerville on July 24, 2009.  (Id.)  The mail logs contain no indication that

18  petitioner sent mail to Mr. Maines or the Superior Court in August or September 2009.  (Id.)

19  Respondent did not include the mail logs for the rest of 2009.

20            In essence, petitioner is arguing that he could not prepare his habeas corpus

21  petition to be filed in the California Court of Appeal without access to the petition filed in the

22  Superior Court.  Assuming that petitioner was unable to obtain a copy of this petition for the

23  reasons alleged by petitioner, these circumstances were not so extraordinary as to make it

24

---

25       [3]  The logs indicate that on July 10 2009, petitioner received legal mail from "Sup Crt
     So."  (Id.)  Because the log identifies the El Dorado Superior Court as "Sup Crt Placerville" and
26  "Sup Crt Pl," it is reasonable to infer that "Sup Crt So" refers to a different Superior Court.

1   impossible for petitioner to file his federal petition on time.  Holland v. Florida, 130 S. Ct. at

2   2562.  Petitioner does not claim that he was without access to any of his other related legal

3   property.  Petitioner does not claim that he was unaware of the claims raised in the Superior

4   Court petition.  Therefore, while having access to the Superior Court petition would have made

5   preparation of the petition to be filed in the California Court of Appeal simpler, this circumstance

6   did not prevent him from preparing it.

7           The undersigned also observes that the form petition filed in the Court of Appeal,

8   asked petitioner to explain any delay in raising the claims raised in the petition.  (Respondent's

9   Lodged Document 13 at 7.)  In response, petitioner wrote, "It has taken me time to revise the

10  issues, condensing them as per the court's instruction."  (Id.)  The form petition filed in the

11  California Supreme Court contains the same statement by petitioner.  (Respondent's Lodged

12  Document 15 at 8.)  In neither petition did petitioner state that the delay in filing the petition was

13  caused by his inability to obtain a copy of the petition filed in the Superior Court.

14          For the reasons set forth above, the undersigned finds that petitioner has failed to

15  demonstrate that extraordinary circumstances prevented him from filing a timely federal petition.

16  Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) ("The prisoner must show that the

17  'extraordinary circumstances' were the cause of his untimeliness.")

18          The undersigned also finds that petitioner failed to diligently pursue his rights in

19  state court.  Pace, 544 U.S. at 418 (for equitable tolling, a petitioner must demonstrate that he

20  diligently pursued his rights in state courts).  The diligence required for equitable tolling does not

21  have to be maximum feasible diligence, but rather reasonable diligence.  See Holland v. Florida,

22  130 S. Ct. 2549, 2565 (2010).

23          Petitioner alleges that he attempted to obtain a copy of the Superior Court petition

24  once he discovered it was missing upon his return to MCSP in late April.  Petitioner alleges that

25  his efforts to obtain a copy of the petition continued into July 2009.  Petitioner alleges that he

26  sought a copy of the petition from the El Dorado County Superior Court and Mr. Maines.  The

14

1   mail logs support this claim.  While petitioner alleges that family members attempted to obtain a

2   copy of the petition from Mr. Maines "to no avail," he offers no evidence to support this

3   assertion.  Petitioner also does not allege that any family members went to the Superior Court

4   and asked for a copy of the petition.

5           While petitioner apparently gave up on attempting to obtain a copy of the petition

6   in July 2009, he does not explain why it then took approximately eight months to prepare and file

7   the petition filed in the California Court of Appeal.  Considering that petitioner had access to all

8   of his other relevant legal materials, the undersigned does not find that this unexplained delay

9   constitutes reasonable due diligence in the preparation of the petition filed in the California Court

10  of Appeal.

11          Finally, the undersigned finds that were petitioner granted equitable tolling for a

12  reasonable portion of the time that he allegedly did not have access to his Superior Court petition,

13  it would not be sufficient to render the instant action timely.  Giving petitioner the benefit of the

14  doubt, the undersigned would find that petitioner was entitled to equitable tolling from May 20,

15  2009 through July 2009, i.e., when he allegedly attempted to obtain the petition from Mr. Maines

16  and the Superior Court, and for a reasonable amount of time thereafter to prepare his state

17  appellate petition.  Five months, i.e. from August 1, 2009, to January 1, 2010, is a reasonable

18  amount of time for petitioner to have prepared the state appellate petition.  Petitioner had all of

19  the relevant records, other than the Superior Court petition which he had prepared himself.  In

20  addition, the state appellate court petition raised five claims which were presented in 12 pages of

21  legal analysis. (Respondent's Lodged Document 13 at 8-19.)  Petitioner did not require more

22  than five months to prepare this not particularly lengthy nor complicated petition.

23          The instant action was filed 259 days after the limitations period ran.  Although it

24  would be a closer call, even granting petitioner equitable tolling from May 20, 2009, to January

25  1, 2010, for a total of 226 days, would still not render the instant action timely.

26  ////

1        *Administrative Segregation*

2        Finally, petitioner argues that he is entitled to equitable tolling for the time he was

3 in administrative segregation ("ad seg") from October 2010, through December 2010.  (Dkt. No.

4 26 at 11.)  Petitioner alleges that he was denied access to his legal property while housed in ad

5 seg.

6        As discussed above, the statute of limitations ran on May 19, 2010.  Because the

7 limitations period had run before the time petitioner was allegedly denied access to his legal

8 property while housed in ad seg, these circumstances do not qualify for equitable tolling.

9 <u>Conclusion</u>

10        Petitioner's federal habeas petition is not timely for the reasons discussed above.

11 Accordingly,   IT IS HEREBY RECOMMENDED that respondent's May 6, 2011 motion to

12 dismiss (Dkt. No. 13) be granted.

13        These findings and recommendations are submitted to the United States District

14 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

15 one days after being served with these findings and recommendations, any party may file written

16 objections with the court and serve a copy on all parties.  Such a document should be captioned

17 "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files

18 objections, he shall also address whether a certificate of appealability should issue and, if so, why

19 and as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if

20 the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. §

21 2253(c)(3).  Any response to the objections shall be filed and served within fourteen days after

22 service of the objections.  The parties are advised that failure to file objections within the

23 ////

24 ////

25 ////

26 ////

1   specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951

2   F.2d 1153 (9th Cir. 1991).

3   DATED:  April 9, 2012

4

5   _____
    KENDALL J. NEWMAN

6   UNITED STATES MAGISTRATE JUDGE

7   ch562.mtd(ame)

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

17