IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH WAYNE CHANCE,

    Petitioner,                  No. 2: 11-cv-0562 GEB KJN P

    vs.                             AMENDED

M. MARTELL,                        FINDINGS AND RECOMMENDATIONS

    Respondent.

_____/

I. Introduction

        Petitioner is a state prisoner, proceeding without counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This action is proceeding on the original petition file stamped February 2, 2011.[1]  Petitioner challenges his 2004 conviction for attempted murder, assault with a firearm upon a police officer, possession of a firearm by a felon, and possession of ammunition by a person prohibited from possessing a firearm.  Petitioner raises the following claims: 1) jury misconduct; 2) insufficient evidence; 3) ineffective assistance of counsel; and 4) ineffective assistance of appellate counsel.

////

---

[1] The petition contains no proof of service indicating when it was mailed to the court.

Pending before the court is respondent's motion to dismiss on the grounds that this action is barred by the statute of limitations. On September 13, 2011, the undersigned recommended that respondent's motion be granted.

After two extensions of time, on December 12, 2011, petitioner filed objections to the findings and recommendations. In his objections, petitioner expanded on his claim for equitable tolling. On January 12, 2011, the undersigned ordered petitioner to file further briefing addressing the issue of equitable tolling within fourteen days. On January 25, 2012, petitioner filed further briefing. On March 5, 2012, respondent filed further briefing.

Based on the further briefing received following issuance of the findings and recommendations, the undersigned issues amended findings and recommendations. After carefully reviewing the record, the undersigned again recommends that respondent's motion be granted.

II. Discussion

    A. When Petitioner's Conviction Became Final

The statute of limitations for federal habeas corpus petitions is set forth in 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims

presented could have been discovered through the exercise of due diligence.

On July 20, 2006, the California Court of Appeal reversed petitioner's conviction for assault on a peace officer and remanded the case for resentencing. (Respondent's Lodged Document 2.) On August 18, 2008, the California Supreme Court reversed the state appellate court's judgment reversing petitioner's conviction for assault on a peace officer. (Respondent's Lodged Document 7.)

On March 20, 2009, the Superior Court amended its abstract of judgment in accordance with the opinions of the California Court of Appeal and California Supreme Court. (Respondent's Lodged Document 8.) Petitioner did not appeal the amended judgment.

Petitioner's conviction became final sixty days after the March 20, 2009 entry of the amended judgment by the trial court, i.e. on May 19, 2009. See Cal. Rule of Court 8.308(a) (former Rule 30.1). The statue of limitations began running the following day, i.e. on May 20, 2009. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Petitioner had one year from that date to file a timely federal habeas corpus petition, i.e. until May 19, 2010. Therefore, the instant action filed on February 2, 2011, is not timely unless petitioner is entitled to statutory or equitable tolling.

B.  Statutory Tolling

*Legal Standard*

The period of limitation is tolled while a "properly filed" application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d)(2). Once a petitioner begins state collateral proceedings, a state habeas petition is "pending" during a full round of review in the state courts, including the time between a lower court decision and the filing of a new petition in a higher court, as long as the intervals between the filing of those petitions are "reasonable." Carey v. Saffold, 536 U.S. 214, 222-24 (2002). However, interval tolling only applies to petitions that are "properly" filed in state court. 28 U.S.C. § 2244(d)(2); Nino v.

1 Galaza, 183 F.3d 1993, 1006 (9th Cir. 1999).

2         *Petitioner's State Post-Conviction Collateral Filings*

3         Pursuant to the mailbox rule, petitioner filed his first state habeas corpus petition
4 in the El Dorado County Superior Court on December 9, 2008. (Respondent's Lodged
5 Document 9.) On January 13, 2009, the Superior Court denied that petition by an order
6 addressing the merits of petitioner's claims. (Respondent's Lodged Document 10.)

7         On June 26, 2009, petitioner filed a second habeas corpus petition in the El
8 Dorado County Superior Court. (Respondent's Lodged Document 11.) That petition contains no
9 proof of service and was signed by petitioner on December 9, 2008, i.e. the same date as the first
10 petition. (Id.) For these reasons, the undersigned finds that this petition was filed on the date it
11 was file stamped by the El Dorado County Superior Court, i.e. on June 26, 2009. On July 22,
12 2009, the Superior Court denied that petition on the grounds that it was identical to the petition
13 previously filed. (Respondent's Lodged Document 12.)

14         Pursuant to the mailbox rule, on March 20, 2010, petitioner filed a habeas corpus
15 petition in the California Court of Appeal. (Respondent's Lodged Document 13.) On March 25,
16 2010, the California Court of Appeal denied that petition without comment or citation.
17 (Respondent's Lodged Document 14.)

18         On April 22, 2010, petitioner filed a habeas corpus petition in the California
19 Supreme Court. (Respondent's Lodged Document No. 15.) That petition contains no proof of
20 service nor signature date. (Id.) For these reasons, the undersigned finds that such petition was
21 filed on the date it was file stamped by the California Supreme Court, i.e. on April 22, 2010. On
22 November 10, 2010, the California Supreme Court denied that petition by order citing In re
23 Robbins, 18 Cal.4th 770, 780 (1998). (Respondent's Lodged Document No. 16.)

24         *Analysis*

25         Respondent argues that petitioner is not entitled to interval tolling from the date
26 when his conviction became final and when he filed his first state habeas petition. The

undersigned agrees. See Raspberry v. Garcia, 448 F.3d 1150, 1153 n.1 (9th Cir. 2006) (the statute of limitations is not tolled from the time a final decision is issued on direct appeal and the time the first collateral challenge is filed).

Respondent argues that petitioner is not entitled to tolling for the time his first state habeas corpus petition was pending in the El Dorado County Superior Court because it was filed and concluded prior to the commencement of the statute of limitations. A collateral action filed prior to the effective date of the statute of limitations has no tolling consequence. Waldrip v. Hall, 548 F.3d 729, 735 (9th Cir. 2008) (noting that although the filing of a state habeas petition "would otherwise have tolled the running of the federal limitations period, since it was denied before that period had started to run, it had no effect on the timeliness of the ultimate federal filing."). Because petitioner's first petition filed in the El Dorado County Superior Court was filed and concluded prior to the commencement of the statute of limitations, petitioner is not entitled to statutory tolling for the time this petition was pending.

For three different reasons, respondent next argues that petitioner is not entitled to interval tolling for the time between when the El Dorado County Superior Court denied his first petition and when he filed his second petition in that court. However, because the first state habeas petition "had no ultimate affect on the timeliness of the ultimate federal filing," Waldrip, 548 F.3d at 735, this petition does not "qualify" for interval tolling at all. Accordingly, petitioner is not entitled to interval tolling for the time between the two petitions filed in the El Dorado County Superior Court.

Respondent argues that petitioner is not entitled to statutory tolling for the time the second petition filed in the El Dorado County Superior Court was pending. For the reasons stated herein, the undersigned finds that petitioner is not entitled to tolling for the time his second petition was pending because the Superior Court denied it as a successive duplicative petition. As such, it was not properly filed. 28 U.S.C. § 2244(d)(2).

////

"[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Artuz v. Bennett, 531 U.S. 4, 8 (2000) (explaining that typical filing requirements include all relevant time limits). In Artuz v. Bennett, the Supreme Court construed the meaning of "properly filed" as follows:

> [A]n application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee ... But in common usage, the question whether an application has been "properly filed" is quite separate from the question whether the claims contained in the application are meritorious and free of procedural bar.

531 U.S. 4, 8-9 (2000) (emphasis omitted).

Under California law, "[i]t has long been the rule that absent a change in the applicable law or the facts, the [state] court[s] will not consider repeated applications for habeas corpus presenting claims previously rejected." In re Clark, 5 Cal.4th 750, 767 (1993). "The court has also refused to consider newly presented grounds for relief which were known to the petitioner at the time of a prior collateral attack on the judgment." Id. at 767-68. In Clark, the California Supreme Court went on to state, "[a] successive petition presenting additional claims that could have been presented in an earlier attack on the judgment is, of necessity, a delayed petition." Id. at 770.

Several courts, including the undersigned, have found that a citation to Clark, supra, by a California court generally indicates that the petition was not timely, but it may also have been meant to indicate that the petition was successive; however, this does not change the determination that petition was not properly filed for statutory tolling purposes. See Goodridge v. Subias, 2010 WL 1286870 at * 4 (E.D. Cal. March 29, 2010); Gonzalez v. Runnels, 2008 WL 80744 at * 4 (E.D.Cal. Jan. 7, 2008) ("[U]nder Pace, whether the state supreme court meant to indicate that the petition was untimely or successive would essentially be a distinction without a difference in the context of statutory untimeliness under AEDPA"); Delander v. Hubbard, 2008

WL 2622856 at * 6 (S.D. Cal. July 1, 2008) ("This citation [to Clark] demonstrates that the court is denying the petition because it is either successive or untimely ... California rules provide that a successive petition is by necessity a delayed petition.")

In the instant case, the second petition filed by petitioner in the El Dorado County Superior Court was a successive petition because it was identical to the first petition, raising no new claims. In its order, the El Dorado County Superior Court stated, "As this court has previously addressed an identical petition for a writ of habeas corpus, the Court will not address the current one. As such, the petition for writ of habeas corpus is denied." (Respondent's Lodged Document 12.)

The California Supreme Court's reasons for finding a successive petition raising new claims to be untimely is equally applicable to a successive petition raising identical claims. There is no indication in Clark that the California Supreme Court meant to find that a successive duplicative petition was timely, whereas a successive petition raising new claims was not. Accordingly, the undersigned finds that petitioner's second state habeas petition was not properly filed because it was successive to the first state habeas petition. For this reason, petitioner is not entitled to tolling for the time this petition was pending.

Respondent next argues that petitioner is not entitled to interval tolling for the time period between when the El Dorado County Superior Court denied his second petition and when he filed his petition in the California Court of Appeal.

The undersigned finds that there is no interval tolling between the El Dorado County Superior Court's denial of the second petition and the filing of the petition in the California Court of Appeal because neither petition was properly filed. As discussed above, the second petition filed in the Superior Court was not properly filed because it was identical to the first petition filed in the Superior Court. For the reasons discussed herein, the undersigned finds that the petition filed in the California Court of Appeal was not properly filed because it was untimely. Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005) (petitions that are untimely are not

"properly" filed.)

As discussed above, the California Court of Appeal denied petitioner's habeas petition without comment or citation. Where there is no clear indication from the state court as to whether the petition was timely under California law, the federal court must itself examine the delay and determine whether the petition was filed within what California would consider a reasonable period of time. Evans v. Chavis, 546 U.S. 189, 197-98 (2006). Even when a California state habeas petition is denied on the merits, the federal court must determine whether the petition was timely, if the issue of timeliness was not expressly addressed by the state court. Id.

In the instant case, petitioner waited approximately eight months to file his petition in the California Court of Appeal after the Superior Court denied his second petition, making this petition *presumptively* untimely. See Evans v. Chavis, 546 U.S. 189, 201 (2006) (holding that delay of six months was unreasonable under California law); Chaffer v. Prosper, 592 F.3d 1046, 1047-48 (9th Cir. 2010) (per curiam) (holding that gaps of 115 days and 100 days rendered California state habeas petitions untimely).

In the further briefing addressing the issue of equitable tolling, petitioner makes several arguments regarding why he could not file a habeas corpus petition in the California Court of Appeal until March 2010. As will be discussed infra, the undersigned finds that petitioner has not demonstrated that he is entitled to equitable tolling for this delay. For the same reasons, the undersigned finds that petitioner has not adequately explained this gap for purposes of statutory tolling.

Respondent does not argue that the habeas corpus petition filed in the California Court of Appeal was improperly filed, as the order denying this petition was without comment or

////

////

////

citation.² Accordingly, petitioner is entitled to statutory tolling for the six days this petition was pending, i.e. from March 20, 2010, to March 25, 2010.

Respondent argues that petitioner is not entitled to tolling for the time between when the California Court of Appeal denied petitioner's habeas petition and when he filed his petition in the California Supreme Court. The California Supreme Court denied petitioner's habeas petition by order citing In re Robbins, 18 Cal.4th 770, 780 (1998). (Respondent's Lodged Document 16.)

The citation to Robbins was a ruling by the California Supreme Court that the petition was untimely. Thorson v. Palmer, 479 F.3d 643, 645 (9th Cir. 2007) ("[T]he California Supreme Court's citation to Robbins was a clear ruling that Thorson's petition was untimely.") Accordingly, petitioner is not entitled to interval tolling for the time between when the California Court of Appeal denied his petition and when he filed his petition in the California Supreme Court. Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005) (untimely petitions are not properly filed). For the same reasons, petitioner is also not entitled to tolling for the time his habeas petition was pending in the California Supreme Court. Id.

In summary, petitioner is entitled to statutory tolling only for the six days his petition was pending in the California Court of Appeal. Adding six days to the date the limitations period ran on May 20, 2010, would make the statute of limitations expire on May 26,

---

² The reasoning of Evans v. Chavis, i.e., that unexplained delays in the filing of petitions denied without comment or citation renders them untimely, applies to the calculation of interval tolling only. See Evans v. Chavis, 546 U.S. 189, 201 (2006); see also Gaston v. Palmer, 447 F.3d 1165, 1167 (9th Cir. 2006) (amending 417 F.3d 1030 (9th Cir.2005) (petitioner not entitled to "gap" tolling for intervals between California state habeas filings of 15 months, 18 months, and 10 months, given length of delays, lack of clear statement from California legislature or courts that delays of such length were reasonable, and lack of explanation or justification for delays)); Culver v. Director of Corrections, 450 F.Supp.2d 1135, 1140–41 (C.D.Cal. 2006) (unexplained, unjustified delays of 97 and 71 days between the denial of one state petition and the filing of the next petition constituted unreasonable delays such that the intervals cannot be tolled under Chavis). Because the California Court of Appeal denied petitioner's habeas petition without comment or citation, petitioner is entitled to statutory tolling for the time this petition was pending in the California Court of Appeal.

2010.  Accordingly, the instant action is not timely unless petitioner is entitled to equitable tolling.

### C.  Equitable Tolling

In petitioner's opposition to the pending motion, his objections to the September 13, 2011 findings and recommendations, and in his further briefing filed January 25, 2012, petitioner makes allegations in support of a claim for equitable tolling.

*Legal Standard*

Equitable tolling is available to toll the one-year statute of limitations available to 28 U.S.C. § 2254 habeas corpus cases.  Holland v. Florida, 130 S. Ct. 2549, 2560 (2010).  A litigant seeking equitable tolling must establish: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way.  Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).  A petitioner who fails to file a timely petition due to his own lack of diligence is not entitled to equitable tolling.  Tillema v. Long, 253 F.3d 494, 504 (9th Cir. 2001).

*Ignorance of the law*

Petitioner alleges that he is entitled to equitable tolling because after the trial court issued its amended abstract of judgment on March 20, 2009, he believed that he was "starting over," meaning that his time to file a petition had started again. (Dkt. 16 at 2.)  Petitioner's ignorance of the law does not constitute an "extraordinary circumstance" justifying equitable tolling.  Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006).  As will be discussed below, this argument is also inconsistent with petitioner's other claims for equitable tolling.

*Alleged Denial of Access to Legal Property*

Petitioner argues that he is entitled to equitable tolling because he was denied access to his legal property while he was housed in the El Dorado County jail to be resentenced.  In his objections, petitioner alleges that he was transferred to the El Dorado County Jail on or around February 4, 2009, until April 20, 2009.  (Dkt. No. 26 at 4.)  Petitioner argues that when he was transferred to the jail he was unable to take his "complete legal records."  (Id. at 4-5.)

Petitioner alleges that he was able to take with him a copy of the petition filed in the Superior Court and a copy of the order by the Superior Court denying the petition. (Id.)

In their further briefing, respondents observe that petitioner is not entitled to equitable tolling for the time he was housed in the El Dorado County Jail because the statute of limitations did not begin to run until after he returned to Mule Creek State Prison ("MCSP") on April 20, 2009. (Respondent's Lodged Document 17 at 1 (prison records indicating date petitioner returned to MCSP.) As discussed above, the statute of limitations began running on May 20, 2009. Because the statute of limitations was not running while petitioner was in the El Dorado County Jail during this time period, petitioner is not entitled to equitable tolling during that time period.

The undersigned acknowledges that a petitioner may be entitled to equitable tolling if he is denied access to legal papers despite his repeated requests for them. See, e.g., Espinoza–Matthews v. California, 432 F.3d 1021, 1027–28 (9th Cir. 2005); Lott v. Mueller, 304 F.3d 918, 924–25 (9th Cir. 2002). In the instant case, petitioner has not demonstrated how his lack of access to his legal property during the approximately three months he was housed at the El Dorado County Jail prevented him from filing a timely federal petition. Petitioner admits that he had with him a copy of the habeas petition he filed in the Superior Court and that he had some of his legal property. Petitioner does not identify any specific legal documents that he did not have access to that prevented him from preparing his petition to be filed in the California Court of Appeal. See Waldron–Ramsey v. Pacholke, 556 F.3d 1008, 1013–14 (9th Cir. 2009) (affirming the denial of equitable tolling, and stating, "[Petitioner] does not point to specific instances where he needed a particular document, could not have kept that document within his permitted three boxes had he been cooperative, and could not have procured that particular document when needed.") Assuming the statute of limitations was running during this time, petitioner would not be entitled to equitable tolling because he has not demonstrated that his lack of access to his legal property prevented him from filing a timely federal petition.

11

1          Petitioner also contends that he is entitled to equitable tolling for the time he was
2   denied access to his legal property following his return to MCSP.  In his objections, petitioner
3   alleges that although he returned to MCSP on April 20, 2009, he did not receive his legal
4   property until May 20, 2009.  (Dkt. No. 26 at 5.)  Because the statute of limitations did not begin
5   running until May 20, 2009, petitioner's alleged inability to access his legal property during that
6   one month does not qualify for equitable tolling.  In any event, in their further briefing,
7   respondent states that petitioner signed a property inventory sheet on April 30, 2009,
8   acknowledging his receipt of his legal property.  (Respondent's Lodged Document 17 at 4.)

            *Alleged Denial of Access to Superior Court Habeas Petition*

10         Petitioner next argues that he is entitled to equitable tolling because he did not
11  have a copy of the habeas corpus petition filed in the Superior Court upon his return to MCSP.
12  The background to this claim for equitable tolling is set forth herein.

13         Petitioner alleges that while he was housed in the El Dorado County Jail, he gave
14  Gilbert Maines (his court appointed attorney) his copy of the habeas petition filed in the Superior
15  Court to "look over."  (Dkt. No. 26 at 5.)  Petitioner claims that when he returned to the MCSP,
16  he realized that Mr. Maines had not returned the copy of the petition to him.  (Id. at 6.)  Petitioner
17  alleges that he contacted Mr. Maines and requested that he return the petition.  (Id.)  Petitioner
18  alleges that Mr. Maines agreed to mail him the petition.  (Id.)

19         Petitioner goes on to allege that he soon received a minute order from the El
20  Dorado County Superior Court denying a habeas corpus petition allegedly filed by petitioner.
21  (Id.)  Petitioner alleges that he was confused by this order because he had not filed a second
22  petition in the Superior Court.  (Id.)  Petitioner claims that he tried to contact Mr. Maines by
23  telephone regarding the Superior Court's order and to let him know that he still had not received
24  the copy of the petition.  (Id.)  Petitioner alleges that Mr. Maines told him to call back by the end
25  of the week so that he could investigate the matter.  (Id. at 7.)

26         Petitioner alleges that when he called back, Mr. Maines told him that he had

1  contacted the U.S. Postal Service. (Id.) According to the U.S. Postal Service, the envelope sent
2  to petitioner by Mr. Maines containing the copy of the petition filed in the Superior Court had
3  accidently opened. (Id.) The U.S. Postal Service then forwarded the contents of the envelope,
4  i.e., the copy of the habeas petition, to the El Dorado Superior Court. (Id.) The Superior Court
5  filed the petition. (Id.) Petitioner alleges that he attempted to inform the Superior Court that the
6  second petition was filed in error, but received no response. (Id.)

7  In his further briefing filed January 25, 2012, petitioner alleges that he has still not
8  received a copy of the petition he filed in the Superior Court from Mr. Maines. (Dkt. 28 at 1.)
9  Petitioner also alleges that he sent a letter to the El Dorado County Clerk requesting that he be
10 sent a copy of the petition, but this letter went unanswered. (Id. at 2.) Petitioner also alleges that
11 family members attempted to contact Mr. Maines but to "no avail." (Id.)

12 Respondent has filed a copy of relevant petitioner's mail log. (Respondent's
13 Lodged Document 18 at 2.) According to the mail log, petitioner first received mail *from* Gilbert
14 Maines following his return to MCSP on June 22, 2009. (Id.) The log indicates that petitioner
15 *sent* Mr. Maines mail on July 20, 2009. (Id.) Petitioner also sent mail to the Superior Court in
16 Placerville, i.e., El Dorado County, on July 27, 2000.[3] (Id.) Petitioner received mail from the
17 Superior Court in Placerville on July 24, 2009. (Id.) The mail logs contain no indication that
18 petitioner sent mail to Mr. Maines or the Superior Court in August or September 2009. (Id.)
19 Respondent did not include the mail logs for the rest of 2009.

20 In essence, petitioner is arguing that he could not prepare his habeas corpus
21 petition to be filed in the California Court of Appeal without access to the petition filed in the
22 Superior Court. Assuming that petitioner was unable to obtain a copy of this petition for the
23 reasons alleged by petitioner, these circumstances were not so extraordinary as to make it

---

[3] The logs indicate that on July 10 2009, petitioner received legal mail from "Sup Crt So." (Id.) Because the log identifies the El Dorado Superior Court as "Sup Crt Placerville" and "Sup Crt Pl," it is reasonable to infer that "Sup Crt So" refers to a different Superior Court.

impossible for petitioner to file his federal petition on time. Holland v. Florida, 130 S. Ct. at 2562. Petitioner does not claim that he was without access to any of his other related legal property. Petitioner does not claim that he was unaware of the claims raised in the Superior Court petition. Therefore, while having access to the Superior Court petition would have made preparation of the petition to be filed in the California Court of Appeal simpler, this circumstance did not prevent him from preparing it.

The undersigned also observes that the form petition filed in the Court of Appeal, asked petitioner to explain any delay in raising the claims raised in the petition. (Respondent's Lodged Document 13 at 7.) In response, petitioner wrote, "It has taken me time to revise the issues, condensing them as per the court's instruction." (Id.) The form petition filed in the California Supreme Court contains the same statement by petitioner. (Respondent's Lodged Document 15 at 8.) In neither petition did petitioner state that the delay in filing the petition was caused by his inability to obtain a copy of the petition filed in the Superior Court.

For the reasons set forth above, the undersigned finds that petitioner has failed to demonstrate that extraordinary circumstances prevented him from filing a timely federal petition. Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) ("The prisoner must show that the 'extraordinary circumstances' were the cause of his untimeliness.")

The undersigned also finds that petitioner failed to diligently pursue his rights in state court. Pace, 544 U.S. at 418 (for equitable tolling, a petitioner must demonstrate that he diligently pursued his rights in state courts). The diligence required for equitable tolling does not have to be maximum feasible diligence, but rather reasonable diligence. See Holland v. Florida, 130 S. Ct. 2549, 2565 (2010).

Petitioner alleges that he attempted to obtain a copy of the Superior Court petition once he discovered it was missing upon his return to MCSP in late April. Petitioner alleges that his efforts to obtain a copy of the petition continued into July 2009. Petitioner alleges that he sought a copy of the petition from the El Dorado County Superior Court and Mr. Maines. The

mail logs support this claim.  While petitioner alleges that family members attempted to obtain a copy of the petition from Mr. Maines "to no avail," he offers no evidence to support this assertion.  Petitioner also does not allege that any family members went to the Superior Court and asked for a copy of the petition.

While petitioner apparently gave up on attempting to obtain a copy of the petition in July 2009, he does not explain why it then took approximately eight months to prepare and file the petition filed in the California Court of Appeal.  Considering that petitioner had access to all of his other relevant legal materials, the undersigned does not find that this unexplained delay constitutes reasonable due diligence in the preparation of the petition filed in the California Court of Appeal.

Finally, the undersigned finds that were petitioner granted equitable tolling for a reasonable portion of the time that he allegedly did not have access to his Superior Court petition, it would not be sufficient to render the instant action timely.  Giving petitioner the benefit of the doubt, the undersigned would find that petitioner was entitled to equitable tolling from May 20, 2009 through July 2009, i.e., when he allegedly attempted to obtain the petition from Mr. Maines and the Superior Court, and for a reasonable amount of time thereafter to prepare his state appellate petition.  Five months, i.e. from August 1, 2009, to January 1, 2010, is a reasonable amount of time for petitioner to have prepared the state appellate petition.  Petitioner had all of the relevant records, other than the Superior Court petition which he had prepared himself.  In addition, the state appellate court petition raised five claims which were presented in 12 pages of legal analysis. (Respondent's Lodged Document 13 at 8-19.)  Petitioner did not require more than five months to prepare this not particularly lengthy nor complicated petition.

The instant action was filed 259 days after the limitations period ran.  Although it would be a closer call, even granting petitioner equitable tolling from May 20, 2009, to January 1, 2010, for a total of 226 days, would still not render the instant action timely.

////

*Administrative Segregation*

Finally, petitioner argues that he is entitled to equitable tolling for the time he was in administrative segregation ("ad seg") from October 2010, through December 2010. (Dkt. No. 26 at 11.) Petitioner alleges that he was denied access to his legal property while housed in ad seg.

As discussed above, the statute of limitations ran on May 19, 2010. Because the limitations period had run before the time petitioner was allegedly denied access to his legal property while housed in ad seg, these circumstances do not qualify for equitable tolling.

<u>Conclusion</u>

Petitioner's federal habeas petition is not timely for the reasons discussed above. Accordingly, IT IS HEREBY RECOMMENDED that respondent's May 6, 2011 motion to dismiss (Dkt. No. 13) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the

////
////
////
////

specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 9, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

ch562.mtd(ame)